# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MICHELLE KNICELY,**
**Claimant Below, Petitioner**

**FILED**
April 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 12-1073** (BOR Appeal No. 2046860)
(Claim No. 2011031310)

**MYERS FUN TIME CAFE, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Michelle Knicely, by Jonathan C. Bowman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Myers Fun Time Cafe, LLC, by Jeffrey B. Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 16, 2012, in which the Board remanded a January 6, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 16, 2011, decision denying Ms. Knicely's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Knicely was employed as a casino attendant by Myers Fun Time Cafe, LLC. In the early morning hours of January 26, 2011, Ms. Knicely slipped and fell on the premises of Myers Fun Time Cafe, LLC. The claims administrator denied Ms. Knicely's application for workers' compensation benefits based upon a finding that she did not receive a personal injury in the course of and as a result of her employment. The Office of Judges reversed the claim administrator's decision and held that a preponderance of the evidence indicates that Ms. Knicely's injury occurred in the course of and as a result of her employment. The Office of Judges held Ms. Knicely's claim compensable for concussion, neck sprain, ankle sprain, and such other diagnoses as indicated by proper medical evidence.

The Board of Review remanded the claim to the Office of Judges' chief administrative law judge for the taking of such new, additional or further evidence that may be necessary for a full and complete development of the facts of the claim. Ms. Knicely appeals and asserts that the Board of Review's ruling must be reversed as it is clearly based upon additional new evidence not previously filed with the Office of Judges and therefore, the Board of Review acted outside of the scope of its statutory authority. Myers Fun Time Cafe, LLC, maintains that Ms. Knicely withheld critical information during discovery that was not uncovered until after the Office of Judges entered it decision. Myers Fun Time Cafe, LLC, further maintains that the Board of Review has the power to remand a claim to the Office of Judges for further evidentiary development.

West Virginia Code § 23-5-12(d) (2006) provides that instead of affirming, reversing or modifying the decision of the administrative law judge, the Board of Review may for good cause shown, to be set forth in the order of the Board of Review, remand the case to the chief administrative law judge for the taking of such new, additional or further evidence as in the opinion of the Board of Review may be necessary for a full and complete, development of the facts of the case. In its Order, the Board of Review set forth claims by Myers Fun Time Cafe, LLC, regarding a prior workers' compensation claim in which Ms. Knicely alleged a similar injury. The Board of Review remanded the Office of Judges' Order dated January 6, 2012, with instructions for the Office of Judges to consider any new evidence along with the evidence that was previously considered and to render a decision affirming, reversing, or modifying its decision of January 6, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II